**KEEGAN & BAKER, LLP**
Patrick N. Keegan (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303/Facsimile: (760) 929-9260

Attorneys for Plaintiff JANE DOE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JANE DOE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CONDUENT BUSINESS SERVICES, LLC,

Defendant.

Case No. '26CV1407 JES BJW

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

**(1) BREACH OF CALIFORNIA CONSUMER PRIVACY ACT, CAL. CIVIL CODE § 1798.150;**

**(2) BREACH OF CALIFORNIA SECURITY NOTIFICATION LAW, CAL. CIVIL CODE § 1798.82;**

**(3) INVASION OF PRIVACY;**

**(4) CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*;**

**(5) NEGLIGENCE; and**

**(6) BREACH OF IMPLIED CONTRACT;**

**JURY TRIAL DEMANDED**

Plaintiff JANE DOE[1] (or "Plaintiff"), by and through her attorneys, brings this class action on behalf of herself individually and all others similarly situated, against Defendant CONDUENT BUSINESS SERVICES, LLC ("CONDUENT" or "Defendant"), and alleges upon information and belief as follows:

## INTRODUCTION

1. This class action arises from the negligent failure of CONDUENT to properly create, maintain, preserve, and/or store confidential, personal information of Plaintiff and all other persons similarly situated which allowed such unencrypted personal information on CONDUENT's computer "network" to be "access[ed]" "from October 21, 2024 to January 13, 2025," and "obtained" by "an unauthorized third party," resulting in violations of the California Consumer Privacy Act of 2018, as amended by the California Privacy Rights Act, California Civil Code §§ 1798.100 *et seq*. (the "CCPA"), and the Cal. Business and Professions Code sections 17200, *et seq*. Under the CCPA, Plaintiff, and all other persons similarly situated, have the right to expect that the confidentiality of their personal information in possession of CONDUENT to be reasonably preserved and protected from unauthorized access and exfiltration, theft, or disclosure. In fact, subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is

[1] The Ninth Circuit permits the use of pseudonyms in cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1086 (9th Cir. 2000). Here, a pseudonym has been used in place of the real name of Plaintiff because at all times relevant to this action, Plaintiff's personal information was subject to unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's statutory violations and Plaintiff has individual privacy concerns and a reasonable fear of harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case. Additionally, the real name of Plaintiff is not unknown to Defendant because prior to the filing of this complaint, Plaintiff's counsel sent a pre-filing notice letter to Defendant's registered service agent on March 4, 2026, which discloses the real name of Plaintiff.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

to encourage businesses that own, license, or maintain personal information about Californians to provide reasonable security for that information." Additionally, paragraph (1) of subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, [] is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action …."

2. Prior to October 21, 2024, Plaintiff's health plan provided CONDUENT with her personal information, including name, Social Security number, and address. As alleged more fully below, CONDUENT negligently created, maintained, preserved, and stored Plaintiff's and the Class's (defined *infra*) personal information, in CONDUENT's possession, in a nonencrypted and a nonredacted manner prior to and "between August 13 and August 22, 2025," allowing such nonencrypted and nonredacted personal information to be "access[ed]" and "obtained," stolen or disclosed, by at least one "unauthorized third party," without Plaintiff's and the Class's prior consent, due to CONDUENT's failure to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, theft or disclosure and ensure the confidentiality of the personal information in its possession, including failing to implement adequate and reasonable security controls and user authorization and authentication processes, failing to limit the types of data permitted to be transferred, failing to encrypt Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d)

of Section 1798.81.5 of the Cal. Civil Code,[2] and failing to properly and adequately educate and train its employees. In fact, CONDUENT's notice letter, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," sent to Plaintiff and other persons similarly situated, stated in part, "We are writing to inform you about a recent incident experienced by Conduent that may have involved some of your personal information, which came into our possession due to the services that we provide.... we are providing you with information about the incident and steps you can take to protect yourself," and informing her, in part, of "**What Happened?** On January 13, 2025, we discovered that we were the victim of a cyber incident that impacted a limited portion of our network. We immediately secured our networks and initiated an investigation with the assistance of third-party forensic experts. Our investigation determined that an unauthorized third party had access to our environment from

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

[2] "Personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code means either of the following: "An individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted:

(i) Social security number.

(ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual.

(iii) Account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(iv) Medical information.

(v) Health insurance information.

(vi) Unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual. Unique biometric data does not include a physical or digital photograph, unless used or stored for facial recognition purposes.

(vii) Genetic data."

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

October 21, 2024, to January 13, 2025, and obtained some files associated with your current or former health plan. Given the nature and complexity of the data involved, Conduent has been working diligently with a dedicated review team, including internal and external experts, to conduct a detailed analysis of the affected files to identify the personal information contained therein. We are providing you with this notice upon the recent conclusion of this time-intensive data analysis as your personal information was contained in the affected files."[3] CONDUENT's notice letter, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," sent to Plaintiff and other persons similarly situated, further stated in part, "**What Information Was Involved.** The affected files contained your name and the following: Address and Social Security number. [¶] **What We Are Doing.** Upon discovery of the incident, we safely restored our systems and operations and notified law enforcement. We are also notifying you in case you decide to take further steps to protect your information should you feel it appropriate to do so. In addition, we are providing you with access to 12 months of credit monitoring and identity restoration services through Epiq at no charge to you. You must enroll by April 30, 2026. [¶] **What You Can Do.** Please review the enclosed '*Steps You Can Take to Help Protect Your Information*' which describes the services we are offering, how to activate them, and provides further details on how to protect yourself. We encourage you to remain vigilant against the potential for identity theft and fraud and to monitor your credit reports for any suspicious activity. [¶] We sincerely regret any issue this incident may have caused you." An exemplar of CONDUENT's notice letter, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. Based on the foregoing information, Plaintiff reasonably fears, believes and alleges that her name in combination with Social Security

[3] Hereinafter referred to as the "Data Breach."

number was subject to an unauthorized access and exfiltration, theft, or disclosure during the Data Breach, that occurred as a result of CONDUENT's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information.

3. Because Plaintiff alleges that CONDUENT breached its duty to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, and ensure the confidentiality of the personal information in its possession, Plaintiff, individually and on behalf of all others similarly situated, seeks damages from Defendant for negligence and breach of implied-in-fact contract. Because Plaintiff also alleges that the nonencrypted and nonredacted personal information of Plaintiff and the Class was subject to unauthorized "access" and was "obtained" or stolen by at least one "unauthorized third party," in violation of Cal. Civil Code section 1798.150(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant injunctive relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Civil Code section 1798.82(a), Plaintiff, individually and on behalf of all others similarly situated, seeks damages and injunctive relief from Defendant pursuant to Cal. Civil Code section 1798.84(e). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Business & Professions Code sections 17200, *et seq*., Plaintiff, individually and on behalf of others similarly situated, seeks injunctive relief from Defendant under Cal. Business and Professions Code section 17203. Additionally, Plaintiff, individually and on behalf of all others similarly situated, seeks damages from Defendant for an invasion of privacy, negligence, and breach of implied contract.

4. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class and at least one other Class Member is a citizen of a state different from Defendant.

6. Defendant routinely conducts business in the State where this Judicial District is located, has sufficient minimum contacts in this State and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims took place within this Judicial District, and Defendant does business in this Judicial District.

**PARTIES**

**A. PLAINTIFF**

8. Plaintiff JANE DOE is and was at all times relevant to this action a resident of the State of California and this judicial district, and citizen of the State of California. Plaintiff received a letter, addressed in her full name and her residential address, dated December 31, 2025, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," which stated, in part, "We are writing to inform you about a recent incident experienced by Conduent that may have involved some of your personal information, which came into our possession due to the services that we provide to your current or former health

plan.... we are providing you with information about the incident and steps you can take to protect yourself," and informing her, in part, of "**What Happened?** On January 13, 2025, we discovered that we were the victim of a cyber incident that impacted a limited portion of our network. We immediately secured our networks and initiated an investigation with the assistance of third-party forensic experts. Our investigation determined that an unauthorized third party had access to our environment from October 21, 2024, to January 13, 2025, and obtained some files associated with your current or former health plan. Given the nature and complexity of the data involved, Conduent has been working diligently with a dedicated review team, including internal and external experts, to conduct a detailed analysis of the affected files to identify the personal information contained therein. We are providing you with this notice upon the recent conclusion of this time-intensive data analysis as your personal information was contained in the affected files. [¶] **What Information Was Involved.** The affected files contained your name and the following: Address and Social Security number. [¶] **What We Are Doing.** Upon discovery of the incident, we safely restored our systems and operations and notified law enforcement. We are also notifying you in case you decide to take further steps to protect your information should you feel it appropriate to do so. In addition, we are providing you with access to 12 months of credit monitoring and identity restoration services through Epiq at no charge to you. You must enroll by April 30, 2026. [¶] **What You Can Do.** Please review the enclosed '*Steps You Can Take to Help Protect Your Information*' which describes the services we are offering, how to activate them, and provides further details on how to protect yourself. We encourage you to remain vigilant against the potential for identity theft and fraud and to monitor your credit reports for any suspicious activity. [¶] We sincerely regret any issue this incident may have caused you." An exemplar of CONDUENT's notice letter, dated December 31, 2025, entitled "Notice of Data

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Breach," signed by "Conduent Business Services, LLC," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. Based on the foregoing information, Plaintiff reasonably fears, believes and alleges that her unencrypted personal information, including her first name or first initial and last name in combination with her address and Social Security number, was subject to unauthorized access and exfiltration, theft, or disclosure during the Data Breach, that occurred as a result of CONDUENT's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information. Additionally, as a result of the foregoing, Plaintiff reasonably fears, believes and alleges that that an unauthorized third party had access to CONDUENT's environment from October 21, 2024, to January 13, 2025, and obtained some files associated with her current or former health plan that contained her unencrypted personal information, including her first name or first initial and last name in combination with her address and Social Security number, subjecting her to injury and/or actual damage.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

**B. DEFENDANT**

9. Defendant CONDUENT BUSINESS SERVICES, LLC ("CONDUENT" or "Defendant") is a Delaware corporation with a principal address located at 100 Campus, Suite 200E, Florham Park, NJ 07932, that is registered to do business and does business in the State of California and operates an online school throughout California. CONDUENT caused notice letters, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," to be submitted to the Attorney General of the State of California on October 8, 2025, October 24, 2025, October 31, 2025, November 19, 2025, December 18, 2025, January 2, 2026 and January 30, 2026, and thereafter to be mailed to Plaintiff and the Class, an exemplar of which is attached hereto as **Exhibit A**. Specifically, Plaintiff received a notice letter, addressed to Plaintiff's first and last

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

name and her residential address, entitled "Notice of Data Breach," dated December 31, 2025, signed by "Conduent Business Services, LLC," by USPS *after* January 30, 2026.

10. In its notice letters, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," an exemplar of which is attached hereto as **Exhibit A**, CONDUCT represents that "On behalf of our clients, Conduent Business Services, LLC ('Conduent') provides third-party printing/mailroom services, document processing services, payment integrity services, and other back-office support services," and "We are writing to inform you about a recent incident experienced by Conduent that may have involved some of your personal information, which came into our possession due to the services that we provide[.]" Based upon such representations, Plaintiff alleges on information and belief that at all times relevant to this action, CONDUENT was and is a business that conducts business in California, was and is a "business" within the meaning of Cal. Civil Code section 1798.80(a), owns or licenses computerized data which includes Plaintiff's and the Class's personal information, within the meaning of Cal. Civil Code section 1798.82(h), and collected Plaintiff's and the Class's personal information within the meaning of Cal. Civil Code section 1798.81.5(d)(1).

## FACTUAL ALLEGATIONS

11. At all times relevant to this action, including the period prior to and "from October 21, 2024 to January 13, 2025," CONDUENT created, maintained, preserved, and stored records of Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), that CONDUENT received from their clients while providing third-party printing/mailroom services, document processing services, payment integrity

services, and other back-office support services, on its computer network.

12. Notwithstanding its duties under the CCPA, CONDUENT caused notice letter, dated December 31, 2025, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. In such notice letter CONDUENT submitted to the Attorney General of the State of California, CONDUENT stated, in part, that "On behalf of our clients, Conduent Business Services, LLC ('Conduent') provides third-party printing/mailroom services, document processing services, payment integrity services, and other back-office support services. We are writing to inform you about a recent incident experienced by Conduent that may have involved some of your personal information, which came into our possession due to the services that we provide .... we are providing you with information about the incident and steps you can take to protect yourself," and informing her, in part, of "**What Happened?** On January 13, 2025, we discovered that we were the victim of a cyber incident that impacted a limited portion of our network. We immediately secured our networks and initiated an investigation with the assistance of third-party forensic experts. Our investigation determined that an unauthorized third party had access to our environment from October 21, 2024, to January 13, 2025, and obtained some files associated with your current or former health plan. Given the nature and complexity of the data involved, Conduent has been working diligently with a dedicated review team, including internal and external experts, to conduct a detailed analysis of the affected files to identify the personal information contained therein. We are providing you with this notice upon the recent conclusion of this time-intensive data analysis as your personal information was contained in the affected files. [¶] **What Information Was Involved.** The affected files contained your name and the following: Address and Social Security number. [¶] **What We Are Doing.** Upon discovery of the

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

incident, we safely restored our systems and operations and notified law enforcement. We are also notifying you in case you decide to take further steps to protect your information should you feel it appropriate to do so. In addition, we are providing you with access to 12 months of credit monitoring and identity restoration services through Epiq at no charge to you. You must enroll by April 30, 2026. [¶] **What You Can Do.** Please review the enclosed '*Steps You Can Take to Help Protect Your Information*' which describes the services we are offering, how to activate them, and provides further details on how to protect yourself. We encourage you to remain vigilant against the potential for identity theft and fraud and to monitor your credit reports for any suspicious activity. [¶] We sincerely regret any issue this incident may have caused you." An exemplar of CONDUENT's notice letter, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. Based on the foregoing unauthorized events and CONDUENT's notice letter she received, Plaintiff alleges on information and belief that at all times relevant to this action, including the period prior to and from October 21, 2024 to January 13, 2025, CONDUENT created, maintained, preserved, and stored Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and the last names, and government ID numbers (including Social Security numbers), on its computer network.

13. Based on the foregoing unauthorized events and CONDUENT's notice letter she received, Plaintiff alleges on information and belief that at all times relevant to this action, "an unauthorized third party" "access[ed] and "obtained" "certain [computer] files" on the CONDUENT's computer "network" containing Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d)

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), as determined by CONDUENT's "investigation." Therefore, based on the foregoing unauthorized events and CONDUENT's notice letter she received, Plaintiff alleges on information and belief that at all times relevant to this action, Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer "network," as determined by CONDUENT's "investigation," in an nonencrypted and nonredacted format, was subject to an unauthorized "access" and acquisition or exfiltration, theft, or disclosure in violation of Cal. Civil Code section 1798.150.

14. While CONDUENT had the resources necessary to protect and preserve confidentiality of Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network, from unauthorized "access" and acquisition or exfiltration, theft, or disclosure, CONDUENT neglected to adequately implement data security measures as required by the CCPA, despite its obligation to do so.

15. Additionally, the risk of vulnerabilities in CONDUENT's computer and data servers of being exploited by an unauthorized third party trying to steal Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was foreseeable and/or known to CONDUENT or should have been known by CONDUENT. The California Data

Breach Report 2012-2015, issued in February 2016 by Attorney General, Kamala D. Harris, reported, "Malware and hacking presents the greatest threat, both in the number of breaches and the number of records breached" and "Social Security numbers and medical information – was breached [more] than other data types." Moreover, as the Attorney General further reported, just because "[e]xternal adversaries cause most data breaches, [] this does not mean that organizations are solely victims; they are also stewards of the data they collect and maintain. People entrust businesses and other organizations with their data on the understanding that the organizations have a both an ethical and a legal obligation to protect it from unauthorized access. Neglecting to secure systems and data opens a gateway for attackers, who take advantage of uncontrolled vulnerabilities." Regarding encryption, the Attorney General instructed in California Data Breach Report 2012-2015, "As we have said in the past, breaches of this type are preventable. Affordable solutions are widely available: strong full-disk encryption on portable devices and desktop computers when not in use.[] Even small businesses that lack full time information security and IT staff can do this. They owe it to their patients, customers, and employees to do it now." Moreover, data breaches in the United States have increased from fewer than 1,300 annually as recently as 2019 and 2020 to more than 3,000 compromises in each of 2023 and 2024.[4] Likewise, the harms posed by compromised confidentiality are now at their historical apex: in the electronic age, it has never been more difficult to put an escaped digital genie back in the bottle.[5]

---

[4] Identity Theft Resource Center, 2024 Data Breach Report (Jan. 2025) page 9, at <tinyurl.com/2asucnp5> (as of July 9, 2025).

[5] See, e.g., Knvul Sheikh, "Your Health Information Was Hacked. What Now?," N.Y. Times (Dec. 7, 2023), at <tinyurl.com/mr3vx69v> (as of July 9, 2025) ["Unfortunately, it can be all but impossible to fully reclaim control of your information."]; Yoshi Sodeoka, "A Cyberattack Illuminates the Shaky State of Student Privacy," N.Y. Times (July 31, 2022), at <tinyurl.com/5acn7tse> (as of July 9, 2025).



KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

16. Further, it was also foreseeable and/or known to CONDUENT or should have been known by CONDUENT that negligently creating, maintaining, preserving, and/or storing Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network, in a manner that did not preserve the confidentiality of the information could have a devastating effect on them. As reported in the California Data Breach Report 2012-2015, "There are real costs to individuals. Victims of a data breach are more likely to experience fraud than the general public, according to Javelin Strategy & Research. In 2014, 67 percent of breach victims in the U.S. were also victims of fraud, compared to just 25 percent of all consumers." Indeed, health records were involved in almost one-quarter of publicly disclosed cybersecurity incidents in 2024, and the health care industry experienced more data compromises than any other industry in five of the last six years.[6] Reflecting the wide dissemination of health records, one analysis showed that "[m]ore than 85% of healthcare records are stolen from third parties and nonhospital providers."[7]

17. At all times relevant to this action, including the period prior to and "from October 21, 2024 to January 13, 2025," CONDUENT negligently created, maintained, preserved, and/or stored Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first

---

[6] IT Governance USA, Data Breaches and Cyber Attacks – USA Report 2024 (June 18, 2024), <tinyurl.com/72bbzt37> (as of Jul. 9, 2025); Identity Theft Resource Center, *supra*, at page 25.

[7] Heidi Mitchell, "Why Hackers Want Your Health Information," Wall Street J. (Dec. 3, 2025), at <tinyurl.com/2ps5wxp5> (as of July 9, 2025) [heading "Stay vigilant"].

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network, in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class's personal information in their possession against unauthorized access and acquisition or exfiltration, theft, or disclosure, including but not limited to, by failing to take adequate and reasonable measures to ensure CONDUENT's computer network were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), by failing to properly and adequately educate and train its employees in regard to phishing scams, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by the CCPA, and according to their written representations to Plaintiff and the Class.

18. Additionally, CONDUENT made written representations that CONDUENT would preserve confidentiality of consumers' personal information on CONDUENT's website. Specifically, CONDUENT makes representations regarding the methods and tools they use to protect consumers' personal information. CONDUENT's Privacy Policy, in relevant part states: "We respect and are committed to safeguarding the confidentiality, data privacy, and security of the information that our customers have entrusted to us, including the confidential information, personally identifiable information, proprietary information, and trade secrets gathered across all of our business operations.

Conduent's commitment to data privacy goes beyond the minimum legal and regulatory requirements and strives for best-in-class data protection and privacy management. This commitment is overseen at the executive level by the Chief Privacy Officer who reports to the General Counsel and the Chief Information Security Officer who reports to the Chief Information Officer (with the General Counsel and Chief Information Officer both reporting directly to the Chief Executive Officer of the company.) The Board receives reports from both the Chief Privacy Officer and Chief Security Officer. The Risk Oversight Committee agenda includes coverage of data privacy at every meeting."

19. CONDUENT's above described written statements about its data privacy policies and practices in place prior to and "from October 21, 2024 to January 13, 2025" are false and/or misleading and/or contained omissions of material fact. Prior to or "from October 21, 2024 to January 13, 2025," CONDUENT created, maintained, preserved, and/or stored Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on CONDUENT's computer network. If CONDUENT had been using a secure server or had encrypted and kept Plaintiff's and the Class's information in a secure database and used the tools and methods it advertised to protect the personal information that CONDUENT created, maintained, preserved, and/or stored on CONDUENT's computer network, CONDUENT would have eliminated the Data Breach. However, CONDUENT instead notified Plaintiff and the Class that their nonencrypted and nonredacted personal information had been "accessed" "from October 21, 2024 to January 13, 2025" and was "obtained" or acquired by "an unauthorized third party."

20. Additionally, pursuant to Cal. Civil Code section 1798.100(e),

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

CONDUENT, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code. Based upon the foregoing, including CONDUENT's notice letter, attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that CONDUENT failed to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

21. Additionally, pursuant to Cal. Civil Code section 1798.100(a)(3), CONDUENT, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose. Based upon the foregoing, including CONDUENT's notice letter, attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that CONDUENT retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary.

22. Had Defendant and/or its employees (presently unknown to Plaintiff) taken the above described appropriate preventive actions, fixed the deficiencies in CONDUENT's computer network, encrypted Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network, and adopted security measures

as required by the CCPA prior to and "from October 21, 2024 to January 13, 2025," CONDUENT could have prevented Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network, from unauthorized access and acquisition or exfiltration, theft, or disclosure by at least one "unauthorized third party," "from October 21, 2024 to January 13, 2025."

23. California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. Specifically, pursuant to Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable." California law also requires that a sample copy of a breach notice sent to more than 500 California residents must be provided to the California Attorney General. CONDUENT caused notice letters, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," to be submitted to the Attorney General of the State of California on October 8, 2025, October 24, 2025, October 31, 2025, November 19, 2025, December 18,

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

2025, January 2, 2026 and January 30, 2026, and thereafter to be mailed to Plaintiff and the Class, an exemplar of which is attached hereto as **Exhibit A**. Because CONDUENT caused notice letters, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," to be submitted to the Attorney General of the State of California on October 8, 2025, October 24, 2025, October 31, 2025, November 19, 2025, December 18, 2025, January 2, 2026 and January 30, 2026, an exemplar of which is attached hereto as **Exhibit A**, CONDUENT has determined and has conceded that Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security numbers, on CONDUENT's computer "network," was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third party. Additionally, because CONDUENT caused notice letters, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," to be submitted to the Attorney General of the State of California on October 8, 2025, October 24, 2025, October 31, 2025, November 19, 2025, December 18, 2025, January 2, 2026 and January 30, 2026 and mailed them to Plaintiff and other members of the Class, CONDUENT has conceded that Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security numbers, on CONDUENT's computer "network" was unencrypted and thus, the "unauthorized third party" who "access[ed]" and "obtained" or exfiltrated or stole Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security numbers, on CONDUENT's computer "network," was able to actually view Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

numbers. As a result, CONDUENT was negligent for failing to encrypt or adequately encrypt Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security numbers), on CONDUENT's computer "network" "from October 21, 2024 to January 13, 2025."

24. To date, other than offering its "regret any issue this incident may have caused," its "encourage[ment]" that Plaintiff and the Class "remain vigilant against the potential for identity theft and fraud and to monitor your credit reports for any suspicious activity" and "12 months of credit monitoring and identity restoration services," CONDUENT has not offered any monetary compensation for the unauthorized access and acquisition or exfiltration, theft or disclosure of Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network. In effect, CONDUENT is shirking its responsibility for the harm CONDUENT has caused, while shifting the burdens and costs of its wrongful conduct onto Plaintiff and the Class.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

## **CLASS ACTION ALLEGATIONS**

25. Plaintiff brings this action on behalf of herself individually and on behalf of all others similarly situated. The putative class that Plaintiff seeks to represent is defined as follows:

> Class: All persons residing in the United States of America to whom Conduent Business Services, LLC sent a notice letter informing them about a cyber incident occurring from October 21, 2024 to January 13, 2025.

<u>Sub-Class</u>: All persons residing in the state of California to whom Conduent Business Services, LLC sent notice letter, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," informing them about a cyber incident occurring from October 21, 2024 to January 13, 2025, an exemplar of which is attached hereto as **Exhibit A**.

The officers and directors of CONDUENT are excluded from the Class. The officers and directors of any "affiliate," "principal" and "subsidiary" of CONDUENT, as defined in the Corporations Code sections 150, 175, and 189, respectively, are also excluded from the Class. The employees of CONDUENT who negligently created, maintained, preserved, and/or stored Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network are also excluded from the Class. Plaintiff reserves the right to amend or modify the Class definition with greater particularity or further division into subclasses or limitation to particular issues as warranted, and as additional facts are discovery by Plaintiff during her future investigations.

26. This action is properly maintainable as a class action. The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. While the exact number of the Class Members is unknown to Plaintiff at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of CONDUENT and its agents, and the Class is defined in objective terms that make the eventual identification of Class Members possible

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

and/or sufficient to allow members of the Class to identify themselves as having a right to recover.

27. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class members, are the following questions:

a) Whether Defendant created, maintained, preserved and/or stored Plaintiff's and the Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including Social Security numbers, in a nonencrypted and nonredacted format on CONDUENT's computer network, prior to and from October 21, 2024 to January 13, 2025;

b) Whether Defendant implemented and maintained reasonable security procedures and practices to protect from access and exfiltration, and to ensure the confidentiality of Plaintiff's and the Class's personal information, in electronic form, within CONDUENT's computer network, prior to and from October 21, 2024 to January 13, 2025;

c) Whether Plaintiff's and the Class's personal information, in electronic form, within CONDUENT's computer network, prior to and from October 21, 2024 to January 13, 2025, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party;

d) Whether Defendant's notice that Plaintiff's and the Class's personal information within CONDUENT's computer network, prior to and from October 21, 2024 to January 13, 2025, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, provided the minimum amount information required by statute;

e) Whether the timing of Defendant's notice that Plaintiff's and the Class's personal information within CONDUENT's computer network, prior to and from October 21, 2024 to January 13, 2025, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, was given in the most expedient time possible and without reasonable delay required by statute;

f) Whether Defendant's conduct constituted unlawful, unfair or fraudulent practices in violation of Business and Professions Code sections 17200, *et seq*.; and

g) Whether Plaintiff and the Class are entitled to actual damages, and/or statutory damages, and/or injunctive relief.

29. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and now suffers from the same violations of the law as other Class members.

30. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class she seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

31. The nature of this action and the nature of laws available to Plaintiff

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

a) If each member of the Class were required to file an individual lawsuit, CONDUENT would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual member of the Class with its vastly superior financial and legal resources;

b) The costs of individual suits could unreasonably consume the amounts that would be recovered;

c) Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged;

d) Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

e) CONDUENT has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making it appropriate to render judgment with respect to the Class as a whole in this litigation; and

f) The disposition of the claims of the members of Class through this class action will produce salutary by-products, including a therapeutic effect upon those who indulge in unlawful practices, and aid to legitimate business enterprises by curtailing unlawful competition.

32. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. Notice to the members of the Class may be made by e-mail or first-class mail addressed to all persons who have been individually identified by Defendant and who have been given notice of the Data Breach.

34. Plaintiff and the Class have suffered irreparable harm and damages because of Defendant's wrongful conduct as alleged herein. Absent certification, Plaintiff and the Class will continue to be damaged and to suffer by the unauthorized access, acquisition, exfiltration, theft and/or disclosure of their personal information, thereby allowing these violations of law to proceed without remedy.

35. Moreover, Plaintiff's and the Class's individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied. In addition, Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive relief with respect to, the Class as a whole.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Breach of California Consumer Privacy Act**
**Cal. Civil Code § 1798.150**
**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

36. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

37. Pursuant to Cal. Civil Code section 1798.150(a)(1), "[a]ny consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, … is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action ...."

38. Defendant is organized for the profit or financial benefit of its owners and collects Plaintiff's and the Sub-Class's "personal information" as defined by Cal. Civil Code section 1798.81.5(d)(1)(a).

39. Defendant violated paragraph (1) of subdivision (a) of section 1798.150 of the Cal. Civil Code of the California Consumer Privacy Act ("CCPA") by allowing Plaintiff's and the Sub-Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on CONDUENT's computer network, prior to and from October 21, 2024 to January 13, 2025, to be subject to an unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to protect Plaintiff's and the Sub-Class's personal information.

40. Plaintiff's and the Sub-Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on CONDUENT's computer network, prior to and from October 21, 2024 to January

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

13, 2025, was subjected to unauthorized access and acquisition or exfiltration, theft, or disclosure as a direct and proximate result of Defendant's violation of its duty under the CCPA.

41. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to safeguard "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and a nonredacted format on CONDUENT's computer network, prior to and from October 21, 2024 to January 13, 2025, from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Sub-Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), such as encrypting Plaintiff's and the Sub-Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 so in the event of unauthorized access and acquisition or exfiltration of Plaintiff's and the Sub-Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 could not be read by an unauthorized third party. As a result of Defendant's failure to implement reasonable security procedures and practices, Plaintiff's and the Sub-Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5 was subject to an unauthorized access and acquisition or exfiltration, theft, or disclosure.

42. As a direct and proximate result of Defendant's violation of its duty under the CCPA, Plaintiff and the Sub-Class seek injunctive or declaratory relief

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

from Defendant pursuant to Cal. Civil Code section 1798.150(a)(1)(B) to ensure that Defendant hereinafter adequately safeguards Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 by implementing reasonable security procedures and practices. This relief is important because Defendant still possesses Plaintiff's and the Sub-Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5. Plaintiff and the Sub-Class have an interest in ensuring that their "personal information" as defined by Cal. Civil Code section 1798.81.5 is reasonably protected in the future.

43. On March 4, 2025, Plaintiff's counsel sent a CCPA notice letter to Defendant's registered service agent, and if within the 30 days of delivery of such CCPA notice letter, Defendant does not actually cure the noticed violation and provide Plaintiff with an express written statement that the violations have been cured and that no further violations shall occur (which Plaintiff believes any such cure is not possible under these facts and circumstances), Plaintiff and the Sub-Class shall seek statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident pursuant to Cal. Civil Code section 1798.150(b) from Defendant.

## SECOND CLAIM FOR RELIEF
**Breach of California Security Notification Laws**
**Cal. Civil Code § 1798.82**
**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

44. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

45. Pursuant to Cal. Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal

information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable."

46. Cal. Civil Code section 1798.82 further provides, "(h) For purposes of this section, 'personal information' means an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted: (1) Social security number."

47. Defendant conducts business in California and owns or licenses computerized data which includes the personal information, within the meaning of Cal. Civil Code section 1798.82(h), of Plaintiff and the Sub-Class.

48. CONDUENT caused notice letters, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," to be submitted to the Attorney General of the State of California on October 8, 2025, October 24, 2025, October 31, 2025, November 19, 2025, December 18, 2025, January 2, 2026 and January 30, 2026, stating, in relevant part, that "On January 13, 2025, we discovered that we were the victim of a cyber incident that impacted a limited portion of our network."

49. Thus, Plaintiff and the Class have been injured because Defendant did not disclose to them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized person in the most expedient time possible and without reasonable delay in violation of Cal. Civil Code section 1798.82(a). Specifically, Defendant waited more than 383 days after its discovery of the Data Breach on January 13, 2025 before *beginning* to mail

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

notice letters (that it submitted to the Attorney General of the State of California) to Plaintiff and the Sub-Class informing them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized person as a result of this Data Breach until *after* January 30, 2026, an exemplar of which is attached as **Exhibit A**. Given the example of the Legislature finding that a delay of 21 days to be "late notice" under the statute, Defendant's delay of more than 30 days before *beginning* to mail "Notice of Data breach" letters is presumptively unreasonable notice in violation of Cal. Civil Code section 1798.82(a).[8] Additionally, Defendant's mailing of "Notice of Data breach" letters is presumptively unreasonable notice in violation of Cal. Civil Code section 1798.82(a) because Defendant's "Notice of Data breach" letter failed to provide the "contact information of the reporting person or business subject to this section," in violation of Cal. Civil Code section 1798.82(d)(2)(A), and failed to state whether notification was delayed as a result of a law enforcement investigation, in violation of Cal. Civil Code section 1798.82(d)(2)(D). Defendant's delays of more than 30 days providing all of the information required by Cal. Civil Code section 1798.82(d) and in informing in the most expedient time possible and without reasonable delay as required by Cal. Civil Code section 1798.82(a), have prevented Plaintiff and the Sub-Class from taking steps in the most expedient time possible to protect their unencrypted personal information from unauthorized use and/or identify theft.

50. Plaintiff and the Sub-Class seek recovery of their damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e) from Defendant.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

---

[8] Defendant's delay of more than 30 days before *beginning* to mail "Notice of Data breach" letters is presumptively unreasonable notice under Cal. Civil Code section 1798.82(a), as amended in 2026.

**<u>THIRD CLAIM FOR RELIEF</u>**

**Invasion of Privacy**

**(Constitutional and Common Law Invasion of Privacy)**

**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

51. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

52. Under California law, a plaintiff may bring an invasion of privacy claim based on violations of the privacy rights set forth in the California Constitution and/or under common law.

53. Article I, Section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possession, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const., Art. I., § 1.

54. By virtue of California common law, Plaintiff and the Sub-Class members had a legitimate expectation of privacy in their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), and were entitled to the protection of this information from access, disclosure, or release to unauthorized individuals.

55. Plaintiff and the Sub-Class members disclosed or permitted the disclosure of their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), to Defendant as a result of Plaintiff's and the Sub-Class member's customer relationships with CONDUENT's customers, in which CONDUENT acted as an agent, business associate, contractor and/or vendor of Plaintiff's and the Sub-Class member's

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

customers, with the expectation that it would be protected from access, disclosure, or release to unauthorized individuals.

56. Defendant owed a duty to Plaintiff and the Sub-Class members to keep their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), confidential and protected from access, disclosure, or release to unauthorized individuals.

57. Defendant failed to protect from release to unauthorized third parties Plaintiff's and the Sub-Class members' non-redacted and non-encrypted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), and failed to adequately supervise and oversee or provided negligent oversight over its employees.

58. Defendant allowed unauthorized and unknown third parties to access and obtain or steal Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), by way of Defendant's affirmative actions and negligent failures to protect this information through its actions and the negligent oversight of its employees.

59. The unauthorized release to, custody of, and examination by unauthorized third parties of Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), is highly offensive to a reasonable person.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

60. The intrusion at issue was into a place or thing, which was private and is entitled to be private. Plaintiff and the Sub-Class members disclosed or permitted the disclosure of their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), to Defendant as a result of Plaintiff's and the Sub-Class member's customer relationships with CONDUENT's customers, in which CONDUENT acted as an agent, business associate, contractor and/or vendor of Plaintiff's and the Sub-Class member's customers, but privately and with the intention that their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), would be kept confidential and would be protected from unauthorized disclosure. Plaintiff and the Sub-Class members were reasonable in their belief that their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), would be kept private and would not be disclosed without their authorization.

61. The access and theft of Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was highly offensive and constituted an egregious breach of social norms. The information compromised was among the most private and sensitive personal information that can be collected about a person.

62. Plaintiff and the Sub-Class members are now aware that their most

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

sensitive, private information may end up on the dark web where any number of malicious actors could use it for illicit purposes such as identity theft, financial and medical fraud as a result of the Data Breach caused by Defendant's actions. Knowing their most sensitive, private information will be publicly exposed is the source of great distress and anxiety. This is exacerbated by the knowledge that their private information was compromised with the intent that it be used to perpetrate identity theft, financial fraud and medical fraud against Plaintiff and the Sub-Class members. This stress and anxiety will continue for the next several years as the risk they will be the victims of identity theft, financial fraud and medical fraud persists, forcing Plaintiffs and Class members to continue closely monitoring their credit cards, bank accounts, credit reports and health insurance statements for any evidence of fraud.

63. The ongoing risk to Plaintiff and the Sub-Class members is substantial. Their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), once exfiltrated, remains vulnerable to misuse, resale, or public disclosure. Moreover, Defendant has not asserted and there is no assurance that Plaintiff's and the Sub-Class members' stolen information has been securely destroyed or removed from unauthorized possession. As a result, Plaintiff and the Sub-Class members must remain vigilant against identity theft, financial fraud, and medical misuse, all of which may occur years after the initial breach.

64. The attack that resulted from the actions of Defendant constitutes a negligent, reckless, willful and/or intentional interference with Plaintiff's and the Sub-Class members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns and those of their families, of a kind that would be highly offensive to a reasonable person.

65. Defendant acted with a knowing or negligent state of mind when they permitted the attack described herein to occur, because they either knew or reasonably should have known that their information security practices were inadequate and insufficient to protect again such attacks and were not in compliance with IT industry and cybersecurity standards and best practices or because they failed to adequately supervise and oversee or provided negligent oversight over their employees.

66. Defendant either knew or reasonably should have known that its inadequate and insufficient information security practices would cause injury and harm to Plaintiff and the Sub-Class members.

67. The probability that Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was accessed and obtained or stolen with the intent to exploit this information for financial gain, amplifies the level of offensiveness of this intrusion on the privacy interests of Plaintiff and the Sub-Class members.

68. As a proximate result of the above acts and omissions of Defendant, Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was accessed and obtained, acquired or disclosed to third parties without authorization, causing Plaintiff and the Sub-Class members to suffer injuries and damages. Plaintiff seeks all recoverable damages as may be permitted by law both for herself and all Sub-Class members.

69. Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause irreparable injury to

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Plaintiff and the Sub-Class members, entitling them to seek injunctive relief.

70. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, for a large class of persons and the general public. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff also seeks the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code Civ. Proc. § 1021.5 and other applicable law.

## FOURTH CLAIM FOR RELIEF

**Unlawful, Unfair and Fraudulent Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq*.**

**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

71. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

72. The acts, misrepresentations, omissions, practices, and non-disclosures of Defendant as alleged herein constituted unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

73. By the aforementioned business acts or practices, Defendant has engaged in "unlawful" business acts and practices in violation of the aforementioned statutes, including Cal. Cal. Civil Code sections 1798.82, 1798.100, and 1798.150 and Cal. Const., Art. I., § 1. Plaintiff reserves the right to allege other violations of law committed by Defendant which constitute unlawful acts or practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

74. By the aforementioned business acts or practices, Defendant has also engaged in "unfair" business acts or practices in that the harm caused by

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Defendant's failure to maintain adequate information security policies, procedures and practices, including but not limited to, failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions, failing to put into place reasonable or adequate computer systems and security practices to safeguard personal information including access restrictions and encryption, failing to have adequate privacy policies and procedures in place that did not preserve the confidentiality of the personal information of Plaintiff and the Sub-Class in their possession, and failing to protect and preserve confidentiality of personal information of Plaintiff and the Sub-Class in their possession against disclosure and/or release, outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, and causes substantial injury to Plaintiff and the Sub-Class.

75. By the aforementioned business acts or practices, Defendant has also engaged in "fraudulent" business acts or practices by making statements of its information security policies, procedures, and practices that were false and/or misleading and/or contained omissions of material fact, as set forth more fully above.

76. Plaintiff and the Sub-Class have suffered an injury in fact by acquiring less in their transactions with Defendant than they otherwise would have if Defendant would had adequately protected the confidentiality of their personal information.

77. The aforementioned unlawful, unfair and fraudulent business acts or practices conducted by Defendant has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Sub-Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

information of Plaintiff and the Sub-Class in their possession.

78. Because of Defendant's aforementioned conduct, Plaintiff and the Sub-Class have no other adequate remedy of law in that absent injunctive relief from the Court and Defendant is likely to continue to injure Plaintiff and the Sub-Class.

79. Pursuant to Business & Professions Code section 17203, Plaintiff and the Sub-Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to correct its illegal conduct that is necessary and proper to prevent Defendant from repeating its illegal and wrongful practices as alleged above and protect and preserve confidentiality of personal information of Plaintiff and the Sub-Class in Defendant's possession that has already been subject to unauthorized access and acquisition or exfiltration, by least one unauthorized third party as a result of Defendant's aforementioned conduct. Pursuant to Business & Professions Code section 17203, Plaintiff and the Sub-Class further seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to publicly issue comprehensive corrective notices and to correct or enact adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Sub-Class in its possession.

80. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Sub-Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code of Civil Procedure section 1021.5 and other applicable law.

**FIFTH CLAIM FOR RELIEF**
**Negligence**
**(On Behalf of Plaintiff and the Class Against Defendant)**

81. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

82. Defendant collects personal information that identifies, relates to, describes, references, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer. Defendant collects and stores personal information for its own monetary gain.

83. Defendant, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure.

84. Defendant, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose.

85. Defendant breached its duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and the Class from unauthorized or illegal access, destruction, use, modification, or disclosure in numerous ways, including but not limited to, by failing to take adequate and reasonable measures to ensure CONDUENT's computer network were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), by retaining and storing Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on CONDUENT's computer network for longer than is reasonably necessary, by failing to properly and adequately educate and train its employees in regards to phishing scams, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by law, and according to Defendant's written representations its Privacy Notice and on its website.

86. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to protect the personal information of Plaintiff and the Class from unauthorized or illegal access, acquisition, use, or disclosure saved in a nonencrypted and a nonredacted format on CONDUENT's computer network, from October 21, 2024 to January 13, 2025, from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not.

87. As a result of Defendant's failure to implement reasonable security procedures and practices, the personal information of Plaintiff and the Class saved in a nonencrypted and a nonredacted format on CONDUENT's computer network, from October 21, 2024 to January 13, 2025, was subject to unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure.

88. Plaintiff's and Class's personal information would not have been subject to unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure but for Defendant's wrongful and negligent breach of its duties to implement reasonable security procedures and practices.

89. Defendant's failure to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and the Class from unauthorized or illegal

access, acquisition, use, or disclosure, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure by at least one unauthorized third party.

90. Defendant's aforementioned violations of the above described statutes create as presumption of negligence as each was enacted to protect a class of persons of which Plaintiff is a member against the type of harm that Plaintiff and the Class suffered as a result of Defendant's aforementioned violations of the above described statutes.

91. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class have and will suffer damages as alleged herein, in amounts according to proof at trial.

92. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

## SIXTH CLAIM FOR RELIEF
**Breach of Implied-in-Fact Contract**
**(On Behalf of Plaintiff and the Class Against Defendant)**

93. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

94. In its notice letters, entitled "Notice of Data Breach," signed by "Conduent Business Services, LLC," an exemplar of which is attached hereto as **Exhibit A**, CONDUCT represents that "On behalf of our clients, Conduent Business Services, LLC ('Conduent') provides third-party printing/mailroom services, document processing services, payment integrity services, and other back-office support services," and CONDUENT's Privacy Policy, in relevant part states: "We respect and are committed to safeguarding the confidentiality, data privacy, and security of the information that our customers have entrusted to us,

including the confidential information, personally identifiable information, proprietary information, and trade secrets gathered across all of our business operations. Conduent's commitment to data privacy goes beyond the minimum legal and regulatory requirements and strives for best-in-class data protection and privacy management. This commitment is overseen at the executive level by the Chief Privacy Officer who reports to the General Counsel and the Chief Information Security Officer who reports to the Chief Information Officer (with the General Counsel and Chief Information Officer both reporting directly to the Chief Executive Officer of the company.) The Board receives reports from both the Chief Privacy Officer and Chief Security Officer. The Risk Oversight Committee agenda includes coverage of data privacy at every meeting." Thus, Defendant collects and stores personal information for its own monetary gain.

95. CONDUENT's above described written statements about its data privacy policies and practices in place prior to and "from October 21, 2024 to January 13, 2025" are false and/or misleading and/or contained omissions of material fact. Prior to or "from October 21, 2024 to January 13, 2025," CONDUENT created, maintained, preserved, and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on CONDUENT's computer network. If CONDUENT had been using a secure server or had encrypted and kept Plaintiff's and the Class's information in a secure database and used the tools and methods to protect the personal information that CONDUENT created, maintained, preserved, and/or stored on CONDUENT's computer network, CONDUENT would have eliminated the Data Breach. However, CONDUENT instead notified Plaintiff and the Class that their nonencrypted and nonredacted personal information had been "accessed" "from

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

October 21, 2024 to January 13, 2025" and was "obtained" or acquired by "an unauthorized third party."

96. Defendant, as a business that collects a consumer's personal information, had an obligation to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, acquisition, use, or disclosure.

97. Additionally, as a part of its contracts with Plaintiff's and the Class's service providers or contractors for business purposes, and as a result of its conduct in collecting personal information, Defendant agreed to safeguard and protect the personal information its collects, including the personal information of Plaintiff and Class members, from unauthorized or illegal access, destruction, use, modification, or disclosure, as set forth in its Privacy Policy and as published on its website.

98. Implicit in its conduct in collecting personal information of Plaintiff and Class members and its publication of its Privacy Policy and its website was the obligation that Defendant would use personal information of Plaintiff and Class members for approved business purposes only and would not allow unauthorized or illegal access, acquisition, use, or disclosure to the personal information or would not allow unauthorized exfiltration or theft of the personal information. Additionally, Defendant promised to retain the personal information of Plaintiff and Class members only under conditions that kept such information secure and confidential. As a result, Defendant had a duty to reasonably safeguard and protect the personal information of Plaintiff and Class members from unauthorized or illegal access, acquisition, use, disclosure, exfiltration or theft.

99. As a result of Defendant's conduct in collecting personal information of Plaintiff and Class members, Plaintiff and Class members entered into implied contracts with Defendant in which Defendant agreed to implement and maintain

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

reasonable security procedures and practices appropriate to the nature of the information to protect the personal information, as set forth in its Privacy Policy and as published on its website.

100. The nature of Defendant's implied promise itself—the subject matter of the contractual provision at issue—was to protect Plaintiff's and Class members' personal information in order to prevent harm and prevent present and continuing increased risk from unauthorized or illegal access, acquisition, use, disclosure, exfiltration or theft.

101. Defendant breached its implied contracts with Plaintiff and Class members by failing to reasonably safeguard and protect Plaintiff's and Class members' personal information, which was "access[ed]" and "obtained" or acquired or exfiltrated "from October 21, 2024 to January 13, 2025," by at least one "unauthorized third party."

102. Plaintiff and the Class were harmed by Defendant's breach of its implied contracts with Plaintiff and the Class by failing to reasonably safeguard and protect Plaintiff's and the Class's personal information, which was "access[ed]" and "obtained" or acquired or exfiltrated "from October 21, 2024 to January 13, 2025," by at least one "unauthorized third party," causing Plaintiff and the Class to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and the Class to sustain nominal damages.

103. Defendant's breach of its implied contracts with Plaintiff and the Class by failing to reasonably safeguard and protect Plaintiff's and the Class's personal information, which was "access[ed]" and "obtained" or acquired or exfiltrated "from October 21, 2024 to January 13, 2025," by at least one "unauthorized third party," was a substantial factor in causing Plaintiff and the Class to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and the Class to

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

sustain nominal damages.

104. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and the proposed Class and Sub-Class the following relief against Defendant:

**As for the First Claim for Relief**

1. For injunctive or declaratory relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B);

**As for the Second Claim for Relief**

2. For damages according to proof to Plaintiff individually and to each member of the Sub-Class pursuant to Cal. Civil Code section 1798.84(b);

3. For injunctive relief pursuant to Cal. Civil Code section 1798.84(e);

**As for the Third Claim for Relief**

4. For damages according to proof to Plaintiff individually and to each member of the Sub-Class;

**As for the Fouth Claim for Relief**

5. For injunctive relief in the form of an order instructing Defendant to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and the Class from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code;

6. For injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized or illegal access, destruction, use, modification, or disclosure of the personal information of Plaintiff and the Class, and to adequately maintain the confidentiality of the personal information of Plaintiff and the Class in its possession;

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

7. For injunctive relief in the form of an order enjoining Defendant from disclosing the personal information of Plaintiff and the Class without the prior written authorization of each Plaintiff and Class Member;

**<u>As for the Fifth Claim for Relief</u>**

8. For damages according to proof to Plaintiff individually and to each member of the Class;

**<u>As for the Sixth Claim for Relief</u>**

9. For damages according to proof to Plaintiff individually and to each member of the Class;

**<u>As to All Causes of Action</u>**

10. That the Court issue an Order certifying this action be certified as a class action on behalf of the proposed Class and Sub-Class, appointing Plaintiff as representative of the proposed Class and Sub-Class, and appointing Plaintiff's attorneys, as counsel for members of the proposed Class and Sub-Class;

11. For an award of attorneys' fees as authorized by statute, including, but not limited to, the provisions of Cal. Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

12. For costs of the suit;

13. For prejudgment interest at the legal rate; and

14. Any such further relief as this Court deems necessary, just, and proper.

Dated: March 5, 2026

KEEGAN & BAKER, LLP

By: s/ *Patrick N. Keegan*
Patrick N. Keegan

Attorneys for Plaintiff JANE DOE, on behalf of herself and all others similarly situated

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class and Sub-Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: March 5, 2026

KEEGAN & BAKER, LLP

By: s/ *Patrick N. Keegan*
Patrick N. Keegan

Attorneys for Plaintiff JANE DOE, on behalf of herself and all others similarly situated